UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

JEFF HUNTINGTON,

                     Plaintiff,                  **MEMORANDUM & ORDER**
                                              26-CV-2230 (EK)(PK)
              -against-

TD AMERITRADE, INC.; CHARLES SCHWAB &
CO, INC.,

                     Defendants.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

        Plaintiff Jeff Huntington maintained a brokerage
account with defendant TD Ameritrade, Inc., which was acquired
by defendant Charles Schwab & Co., Inc. in 2020.  Compl. ¶¶ 9-
11, ECF No. 1.[1]  On January 3, 2025, Huntington commenced a FINRA
arbitration against defendants, raising claims under Sections
10(b) and 20(a) of the Securities Exchange Act of 1934, as well
as claims for breach of fiduciary duty and unjust enrichment.
*Id.* ¶ 12; *see also* Statement of Claims 5-6, ECF No. 10-2.[2]  His
claims relate to three ostensibly abnormal trades that appeared
in his account interface and subsequently disappeared.

_____

    [1] The Court draws the following facts from the complaint and the
parties' declarations and exhibits.  *See Real Est. Bd. of N.Y., Inc. v. City
of New York*, 786 F. Supp. 3d 788, 815 (S.D.N.Y. 2025) ("In deciding a motion
for preliminary injunction, a court may consider the entire record . . . .").
All facts discussed herein are undisputed unless otherwise noted.  *See
Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998) (party
seeking preliminary injunction "is not entitled to have the court accept its
untested representations as true if they are disputed").
    [2] Page numbers in citations to briefs refer to internal pagination.
Page numbers in citations to other record documents refer to ECF pagination.

Huntington Decl. ¶¶ 3-4, ECF No. 6-2.  Huntington refers to these transactions as the "Phantom Trades."  *Id.*

The FINRA arbitration has been "actively progressing," Compl. ¶ 13, and a merits hearing is set for May 19.  *See* Xu Decl. in Supp. of OTSC ¶ 6, ECF No. 12-2.  The parties have engaged in discovery, though they disagree as to the adequacy of the productions and have filed competing motions to compel with the arbitration panel.  *See* Xu Decl. in Supp. of Mot. for Prelim. Inj. ¶¶ 5-7, ECF No. 6-3; *see generally* Maxwell Decl., ECF No. 10-7.

On April 13, Huntington sent a letter and proposed tolling agreement to defendants, stating that he would file "protective litigation" in this district if they did not return the signed agreement by 5:00 p.m. the following day.  Pl.'s Apr. 13, 2026 Ltr. 2, ECF No. 10-4.  That letter also contained a document preservation notice.  *Id.* at 3.  After defendants failed to respond by Huntington's deadline, he filed suit in this Court on April 15 to preserve his claims pending the outcome of the FINRA arbitration.  *See Huntington v. TD Ameritrade, Inc.*, No. 26-CV-2206 (E.D.N.Y.) (pending before Gujarati, J.).

The next day, Huntington separately filed a "complaint for preservation of evidence," ECF No. 1, which contained a request for emergency relief under Federal Rule of Civil

Procedure 65.  We denied that request because it did not comply with the requirements for *ex parte* emergency relief or contain a separate motion.  *See* Docket Order dated Apr. 21.  Huntington then filed a motion for a preliminary injunction, ECF No. 6, which has now been fully briefed.

## I.   Discussion

Huntington contends that, without a preliminary injunction for the preservation of evidence, records related to his brokerage account and the Phantom Trades — evidence that is necessary to the prosecution of his Exchange Act claims — may be destroyed.  In certain circumstances, Second Circuit case law provides for the possibility of district court relief notwithstanding the pendency of arbitration.  *See Roso-Lino Beverage Distributors, Inc. v. Coca-Cola Bottling Co. of New York*, 749 F.2d 124, 125 (2d Cir. 1984); *but see Toyo Tire Holdings of Americas Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 980 (9th Cir. 2010) (appropriate to deny injunctive relief when the arbitration panel has the power to afford it *and* nothing suggests "imminent need . . . to maintain the *status quo*").  Nevertheless, because Huntington has not demonstrated a likelihood of irreparable harm, his motion is denied.

A plaintiff seeking a preliminary injunction must establish, among other things, a likelihood of irreparable harm absent relief.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S.

7, 20 (2008).  Because "[a] showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction," *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009), "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."  *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005).[3]

Huntington has failed to establish a likelihood of irreparable harm.  He complains about defendants' purportedly inadequate responses to his discovery requests, *see, e.g.*, Huntington Decl. ¶¶ 6-7, and his counsel asserts — in vague terms — that document destruction seems likely based on his "experience in this case and [his] review of the discovery record."  Xu Decl. in Supp. of Mot. for Prelim. Inj. ¶ 12.  But, otherwise, Huntington's only evidence suggesting the likelihood of irreparable harm comes in the form of the Phantom Trades themselves.  Those trades are the entire basis for the arbitration, which Huntington commenced over a year ago.

---

[3] Huntington frames his request as one for a preliminary injunction. *See* ECF No. 6.  But even if we were to apply either of the tests that courts in this circuit "generally" apply to motions for preservation orders, necessity and / or irreparable harm is still one of the elements Huntington would have to prove.  *See Toussie v. Allstate Ins. Co.*, No. 15 CV 5235, 2018 WL 2766140, at *6 (E.D.N.Y. June 8, 2018), *aff'd*, No. 15-CV-5235, 2018 WL 11451597 (E.D.N.Y. Aug. 15, 2018) (Pollack, M.J.); *see also* Reply in Supp. of Mot. for Prelim. Inj. 9, ECF No. 11-1 (acknowledging that party moving for preservation order "must show some danger of [evidence] being destroyed absent a court order").

"Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights."  *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985).  So, Huntington's "delay alone may justify denial" of his motion.  *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995).

Moreover, Huntington has not explained why the Court's intervention is necessary to prevent the destruction of evidence.  He acknowledges that "Rule 17a-4 mandates retention [and that] FINRA Rules 4511 and 3110 incorporate and supplement those obligations," and asks only that we require defendants to "suspend automated deletion of records they are independently obligated to keep."  Reply in Supp. of Mot. for Prelim. Inj. 10-11.  Accordingly, the relief he seeks amounts to little more than the kind of "obey the law" injunction that is disfavored in this circuit.  *E.g.*, *Town of Newburgh, New York v. Newburgh EOM LLC*, No. 24-CV-5059, 2025 WL 934381, at *6 (S.D.N.Y. Mar. 27, 2025); *see also Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996) ("[A]n injunction must be more specific than a simple command that the defendant obey the law.").

Huntington's counsel also concedes that he has "raised the issue of evidence preservation with the FINRA Panel."  Xu Decl. in Supp. of Mot. for Prelim. Inj. ¶ 7; *see also* Reply in Supp. of Mot. for Prelim. Inj. 8 ("Petitioner has been

diligently litigating these preservation issues within the FINRA Arbitration: he filed a Renewed Motion to Compel Production and for Adverse Inference Sanctions on April 2, 2026."). Huntington nonetheless argues that an injunction requiring the preservation of evidence is necessary because the FINRA panel does not have the power to "impose sanctions enforceable through the contempt power of a court." Mot. 4, ECF No. 6-1. But the FINRA rules do provide for meaningful sanctions for failure to comply with discovery, including monetary penalties, attorneys' fees and costs, adverse inferences, and even dismissal. *See* FINRA Rule 12511, https://perma.cc/36KQ-MZL2; FINRA Rule 12212, https://perma.cc/V6NP-GRJ4.

Ultimately, what Huntington is really asking for is the Court's intervention in a discovery dispute that is properly before the FINRA panel. *See, e.g.*, Compl. ¶ 17 (defendants' representation that "no internal records exist for trades that appeared with filled-execution status in a customer account" is "facially irreconcilable with [their] mandatory recordkeeping obligations under federal law"); Mot. for OTSC 3, ECF No. 12-1 (emphasizing the exigency of the requested relief given the FINRA panel's failure to rule on pending discovery motions in advance of the upcoming merits hearing).

Accordingly, this is not a case where an injunction is necessary to "preserve the meaningfulness of the arbitration."

*Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 910 F.2d 1049, 1053 (2d Cir. 1990); *see also Erving v. Virginia Squires Basketball Club*, 468 F.2d 1064 (2d Cir. 1972) ("proper case" for injunctive relief is one where it is the "only way to preserve the *status quo* during the pendency of the arbitration proceeding").

## II.  Conclusion

For the foregoing reasons, Huntington's motion for a preliminary injunction is denied.  Huntington's request for limited discovery in support of his preliminary injunction motion, *see* Mot. for OTSC 8, is denied as moot.[4]  Furthermore, as Huntington's Complaint was for injunctive relief in aid of the ongoing arbitration, Huntington is hereby ordered to show cause, on or before May 25, why his Complaint should not be dismissed in light of the Court's ruling.  Huntington's submission should be no longer than three pages, single-spaced.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    May 12, 2026
          Brooklyn, New York

---

[4] Huntington also requests that we "advance[e] the May 29, 2026 return date."  *See* Pl.'s Mot. for OTSC 8.  It is entirely unclear what Huntington is referring to, as the Court never set a hearing on his preliminary injunction motion.  In any case, a hearing is unnecessary.